# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

BETEIRO, LLC,

       Plaintiff,

   v.

KINDRED GROUP PLC, *et al.*,

       Defendants.

No. 1:22-cv-01536

**ORDER**

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court on Defendants Kindred Group plc, Trannel International, LTD, Unibet International, LTD, and Unibet Interactive, Inc.'s ("Defendants") Motion to Dismiss, (ECF No. 18), filed in response to Plaintiff Beteiro, LLC's ("Plaintiff") Complaint, (ECF No. 1); and

    **WHEREAS,** this case is one of several related cases presently pending before this Court raising essentially the same patent infringement claims, *Beteiro, LLC v. DraftKings, Inc.*, No. 21-20148 (D.N.J. filed Nov. 22, 2021); *Beteiro, LLC v. PointsBet USA, Inc.*, No. 21-20155 (D.N.J. filed Nov. 22, 2021); *Beteiro, LLC v. BetMGM, LLC*, No. 21-20156 (D.N.J. filed Nov. 22, 2021); *Beteiro, LLC v. Hard Rock Tristate AC LLC*, No. 21-20157 (D.N.J. filed Nov. 22, 2021); *Beteiro, LLC v. Hillside N.J. LLC*, No. 21-20158 (D.N.J. filed Nov. 22, 2021); *Beteiro, LLC v. Betfair Interactive US LLC*, No. 22-00577 (D.N.J. filed Feb. 4, 2022); and

    **WHEREAS,** in each case, Plaintiff alleges that the applicable defendants infringed specific claims within four U.S. patents it owns: (i) U.S. Patent No. 9,965,920; (ii) U.S. Patent No. 10,043,341; (iii) U.S. Patent No. 10,147,266; and (iv) U.S. Patent No. 10,255,755 (collectively,

"the Patents-in-Suit"); but

**WHEREAS,** in its recently-filed Opinion disposing of the motion to dismiss in *Beteiro, LLC v. BetMGM, LLC*, No. 21-20156, slip op. (D.N.J. Sept. 6, 2022), this Court found that the relevant claims of the Patents-in-Suit were directed at patent-ineligible subject matter and were therefore invalid under 35 U.S.C. § 101; and

**WHEREAS**, for precisely the same reasons as in that case, Plaintiff cannot state a claim in this case for patent infringement, *see, e.g.*, *Open Parking, LLC v. ParkMe, Inc.*, No. 15-00976, 2016 WL 3547957, at *2 (W.D. Pa. June 30, 2016), *aff'd*, 683 F. App'x 932 (Fed. Cir. 2017); and

**WHEREAS,** likewise, Plaintiff's willful infringement claims cannot survive, *see ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249–52 (D. Del. 2021); and therefore

**IT IS HEREBY** on this   7th   day of   September  , 2022,

**ORDERED** Defendants' Motion to Dismiss is **GRANTED**; and it is further

**ORDERED** that this case is **DISMISSED**; and it is finally

**ORDERED** that the Clerk of this Court shall close this case.

*(signed)*
**CHRISTINE P. O'HEARN**
**United States District Judge**