UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BETEIRO, LLC,

        Plaintiff,

   v.

KINDRED GROUP PLC, *et al.*,

        Defendants.

No. 1:22-cv-01536

**ORDER**

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court on the recently-transmitted Order by the U.S. Court of Appeals for the Federal Circuit deactivating the appeal in this matter noticed by Plaintiff Beteiro, LLC ("Plaintiff") on September 22, 2022, (Order, Beteiro, LLC v. DraftKings, Inc., No. 21-20148 (D.N.J. Nov. 22, 2021), ECF No. 33); and

    **WHEREAS,** in that Order, dated November 1, 2021, the Clerk of the Court of Appeals explained that because Plaintiff had filed "a motion of the type enumerated in Fed. R. App. P. 4(a)(4)"—namely, its Motion for Reconsideration, (ECF No. 26)—Plaintiff's appeal was rendered ineffective; and

    **WHEREAS,** on November 2, 2022, before the Order of the Court Appeals had been transmitted, this Court denied that Motion for lack of jurisdiction based on Plaintiff's previously filed Notice of Appeal, (Order, ECF No. 30); and

    **WHEREAS,** in light of the now-noticed action by the Court of Appeals, this Court vacates its November 2, 2022 Order, and now considers Plaintiff's Motion on its merits; but

    **WHEREAS,** on the merits, Plaintiff's Motion must still be denied; and

**WHEREAS,** under Federal Rule of Civil Procedure 59(e), a court may grant a motion to alter or amend a judgment when "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or to prevent manifest injustice," *e.g.*, *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000); and

**WHEREAS,** none of these grounds for reconsideration exist here; and

**WHEREAS,** as to the first, Plaintiff points to the recently-issued opinion of the U.S. Court of Appeals for the Federal Circuit in *Cooperative Entertainment, Inc. v. Kollective Technology, Inc.*, 50 F.4th 127 (Fed. Cir. 2022), to suggest that the law has changed and this Court's Opinion must be reconsidered; but

**WHEREAS,** as the defendant in a related case rightly argues, (BetMGM, LLC's Br., Beteiro, LLC v. BetMGM, LLC, No. 21-20156 (D.N.J. Nov. 22, 2021), ECF No. 33 at 3–6), that case did not change the controlling law applied by the Court here, but rather reversed a judgment of the U.S. District Court for the Northern District of California for its erroneous application of preexisting precedent; and

**WHEREAS,** having already considered and rejected Plaintiff's arguments under that preexisting precedent, it is not entitled to relief under Rule 59(e) on this basis; and

**WHEREAS,** as to the second, Plaintiff does not suggest that any previously-unavailable evidence has come to light, and therefore is not entitled to relief under Rule 59(e) on that basis; and

**WHEREAS,** as to the third, Plaintiff's "mere disagreement" with the Court's decision does not constitute manifest injustice, *e.g.*, *Nicolas v. Trs. of Princeton Univ.*, No. 17-03695, 2019 WL 3822161, at *2 (D.N.J. Aug. 15, 2019), and therefore is not entitled to relief under Rule 59(e) on

that basis; and

**WHEREAS,** in addition to seeking reconsideration under Rule 59(e), Plaintiff alternatively seeks reconsideration under Federal Rule of Civil Procedure 60(b); but

**WHEREAS,** the bases for reconsideration under that rule—mistake, inadvertence, surprise, or excusable neglect, FED. R. CIV. P. 60(b)(1); newly discovered evidence, FED. R. CIV. P. 60(b)(2); fraud, FED. R. CIV. P. 60(b)(3); void judgment, FED. R. CIV. P. 60(b)(4); or satisfied, released, or discharged judgment, FED. R. CIV. P. 60(b)(5)—are plainly inapplicable here; and

**WHEREAS,** lacking any basis for reconsideration of this Court's prior Order dismissing its claims for patent infringement, (ECF No. 23), Plaintiff's Motion for Reconsideration must be denied; and therefore

**IT IS HEREBY** on this  4th  day of  November , 2022,

**ORDERED** that this Court's prior Order denying Plaintiff's Motion for Reconsideration without prejudice, (ECF No. 30), is **VACATED**; but it is further

**ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 26), is **DENIED**.

*[signature]*
**CHRISTINE P. O'HEARN**
**United States District Judge**